

**Signed and Filed: October 12, 2006**

_____
**DENNIS MONTALI
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>JOHN A. RYAN and DANIELLE T. RYAN,<br><br>　　　　Debtors.<br><br>JOHN A. RYAN and DANIELLE T. RYAN,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>NICKLOS CIOLINO et al.,<br><br>　　　　Defendants.<br><br>AND RELATED CROSS-ACTIONS | Case No. 05-32933<br>Chapter 11<br><br><br><br><br>Adv. No. 05-3450 |

**MEMORANDUM DECISION DENYING
CHAZEN'S MOTION FOR SUMMARY ADJUDICATION
AND GRANTING SUMMARY JUDGMENT TO CIOLINO PARTIES**[1]

I. <u>Background</u>

　　This action was brought by former debtors-in-possession John

---

[1] The following discussion constitutes the court's conclusions of law and, to the extent appropriate in this summary judgment context, findings of fact. Fed. R. Bankr. P. 7052.

-1-

Ryan and Danielle T. Ryan ("Debtors") to determine the priority of liens asserted by the various defendants against their real property in Redwood City, California, title to which is currently in the name of debtor John A. Ryan (the "Property"). This action is now controlled by the Chapter 11 trustee, E. Lynn Schoenmann ("Trustee").

All of the defendants filed Answers. Some defendants asserted Cross-Claims against defendants Nicklos Ciolino, Charles Ciolino, Stephen Daniele, Robert Aguilar and Daniel Delorenzi (collectively, the "Ciolino Parties"). The cross-claimants are:
- Lawrence Chazen, individually and as trustee of the Lawrence J. Chazen Revocable Trust (collectively, "Chazen");
- William F. Stewart ("Stewart");
- Jean L. Ryan, Lawrence Cavallini, and Kathy Cavallini ("Ryan/Cavallini"); and
- Craig Judy and Patricia Judy ("Judy").

The cross-claimants challenge the validity and priority of attachment liens obtained by the Ciolino Parties in their actions against debtor John A. Ryan, Superior Court of California, County of San Mateo, Case Nos. 422430 through 422435 (the "State Court Actions"). All of the cross-claims state the same three alternative grounds for relief: (a) that the Ciolino Parties' attachment liens have expired pursuant to Cal. Code Civ. P. § 488.510(a), (b) that they are void pursuant to Cal. Code Civ. P. § 483.010(a) because they were obtained to secure contract claims but the judgments eventually obtained allegedly were upon fraud claims, and (c) that they were fraudulently obtained in that the Ciolino Parties asserted contract claims while allegedly knowing

that no such claims existed and that the claims were tort claims, on which the Ciolino Parties could not have obtained attachment liens.

The Ciolino Parties filed Answers to Chazen's and Stewart's cross-claims but not to the other, identical cross-claims. No cross-claimant has sought a default against the Ciolino Parties.

Chazen filed a motion for summary adjudication, asserting each of the grounds set forth in his cross-claim against the Ciolino Parties. Chazen's motion came on regularly for hearing before the undersigned judge on April 7, 2006, and at a continued hearing on June 16, 2006. None of the other cross-claimants filed a written joinder in Chazen's motion but counsel for some of them argued in favor of his motion at the hearings. Appearances at these hearings are as noted in the record.

At the end of the hearings the court stated that it would deny Chazen's motion. The court also stated that it was inclined to enter a judgment in favor of the Ciolino Parties because a ruling against Chazen appeared to establish the Ciolino Parties' entitlement to a judgment as a matter of law. Chazen's counsel agreed that there is authority for such procedure. See generally Civ. L.R. 56-3 (incorporated by B.L.R. 1001-2(a)(53)). The court directed the Ciolino Parties' counsel to file a declaration supporting his calculation of pre-judgment and post-judgment interest, and directed the parties to meet and confer on a form of order. The Ciolino Parties filed that declaration and submitted a proposed order, to which Chazen objected.

This court issued an order (the "OSC") for all of the cross-claimants, Trustee, and Debtors to show cause why the court should

-3-

Case: 05-03450    Doc# 40    Filed: 10/12/06    Entered: 10/13/06 09:39:49    Page 3 of 9

not enter this Memorandum Decision and judgments in favor of the Ciolino Parties. Attached to the OSC were drafts of this Memorandum Decision and a proposed form of Judgment. Chazen and Trustee filed timely responses to the OSC. The Ciolino Parties did not file any reply. A status conference on the OSC responses was held on September 25, 2006. Appearances at the status conference are as noted in the record.

II. <u>Rulings</u>

Upon consideration of the papers filed by the parties and the arguments and evidence presented at the hearings, and for the reasons stated on the record,

(A) <u>Chazen's motion</u>. Chazen's motion for summary adjudication will be DENIED by a separate order and judgment issued concurrently with this Memorandum Decision.

(B) <u>Relation back, generally</u>. To the extent that the Ciolino Parties' judgments arise from their breach of contract claims, their judgment liens arise from the same claims as the attachment liens and therefore relate back to and merge with those attachment liens, such that they are prior in time and of higher priority than the liens asserted by Chazen and all of the other cross-claimants.

(C) <u>Compensatory damages</u>. Compensatory damages, as listed in the General Verdict Form filed in the State Court Actions on December 31, 2003, arise from the Ciolino Parties' contract claims, and therefore relate back. There is an exception for Nicklos Ciolino. Chazen's response to the OSC objects that Nicklos Ciolino's fifth cause of action, for contract damages, only alleges an investment of $100,000.00 with a return of 20% for

-4-

a total of $120,000.00.  Trustee's response to the OSC objects
that Nicklos Ciolino's pre-judgment attachment was not based on an
additional $65,000.00 investment alleged in paragraphs 12-13 and
24 of Nicklos Ciolino's Complaint.  <u>See</u> Verified Complaint for
Damages filed in San Mateo Superior Court on April 30, 2002 (No.
Civ. 422430).  Nicklos Ciolino did not respond to these objections
and his counsel conceded these points at the status conference on
September 25, 2006.

    (D) <u>Punitive damages</u>.  Punitive damages, as listed in the
Special Verdict Form; Punitive Damages Phase filed in the State
Court Actions on January 9, 2004,[2] do not arise from the Ciolino
Parties' contract claims, and therefore do not relate back.

    (E) <u>Pre-judgment interest</u>.  The awards of pre-judgment
interest to the Ciolino Parties arise in part from their contract
claims and in part from their tort claims.  The court believes
that no trial is necessary to determine which portion of the award
arises from the Ciolino Parties' contract claims because the
nature of the interest award is established by the Plaintiffs'
Memorandum of Points and Authorities in Support of Award of
Prejudgment Compounded Interest, filed in the State Court Actions
on January 20, 2004, and by the order awarding the requested
interest, filed on March 1, 2004.

        (1) <u>No compound interest</u>.  The Ciolino Parties
    calculated interest based on annual compounding.  Their sole

---

[2] The clerk's file stamp shows a date of January 9, 2003, but that is clearly a typographical error because that would be before the trial, and the jury foreperson wrote the date as January 9, 2004.  <u>See</u> Request for Judicial Notice Supporting Motion by Cross-Complainant Lawrence J. Chazen for Summary Judgment, Exhibit G.

basis for doing so was that their awards were based in part on tort claims. Therefore, the portion of their judgments attributable to such compounding does not relate back to their attachment liens.

(2) <u>10% simple interest</u>. The Ciolino Parties acknowledged that the rate of interest was within the discretion of the state court. They asked for a rate of 10% per annum on both contract and tort claims, and the state court exercised that discretion to award them that rate. Therefore, pre-judgment interest arises from their contract claims to the extent of simple interest at 10% per annum.

(3) <u>Interest from April 30, 2002</u>. The Ciolino Parties were awarded interest from the dates of their investments, based on their tort claims, rather than the date that their state court actions were filed, which is the earliest permissible date under the authority they cited for their contract claims. See Cal. Civ. Code § 3287(b)(interest in court's discretion "from a date prior to the entry of judgment" but "in no event earlier than the date the action was filed").[3] Therefore the pre-judgment interest awarded to them arises from their contract claims only from April 30,

---

[3] Together with their proposed form of order the Ciolino Parties provided the court with a copy of a facsimile from Chazen's counsel objecting to that form of order. In that facsimile Chazen objects to the calculation of interest "from the date of investment" but then states that contract interest "is calculated from the date of the breach" (citing Cal. Civ. Code §§ 3289(b), 1916.12-1, 1916.12-2), which is more generous than what the Ciolino Parties sought in the State Court Actions. Nevertheless, the court believes that it is impossible for the portion of the Ciolino Parties' judgments that arise from their contract claims to include more interest than they asked for based on those claims.

-6-

2002, when their State Court Actions were filed. The court calculates the period from April 30, 2002, through January 21, 2004, as one year and 266 days.

(4) <u>Interest on original investment only</u>. The Ciolino Parties sought pre-judgment interest based on the original dollar amount invested by each of them, rather than on the their total compensatory damages. The court therefore believes that interest must be limited to no more than their original investment alleged in their Complaints.

(5) <u>Calculation of pre-judgment interest</u>. Based on the foregoing, the court calculates the portions of pre-judgment interest that arise from the Ciolino Parties' contract claims as follows:

| Ciolino Party | Original investment | Pre-Judgment Interest (10%/yr from 4/30/02)* |
|---|---|---|
| Nicklos Ciolino | $ 100,000.00 | $ 17,287.67 |
| Charles Ciolino | $ 100,000.00 | $ 17,287.67 |
| Stephen Daniele | $ 100,000.00 | $ 17,287.67 |
| Robert Aguilar | $ 50,000.00 | $ 8,643.84 |
| Daniel Delorenzi | $ 100,000.00 | $ 17,287.67 |

* Taking Nicklos Ciolino as an example, $100,000.00 x 10%/yr x 1 yr = $10,000, plus $10,000 x 266/365 days = $7,287.67, for a total of $17,287.67.

(F) <u>Post-judgment interest</u>. The First Amended Judgment on Jury Verdict issued in each of the State Court Actions awarded post-judgment interest on the entire award at the rate of ten percent (10%) per year from January 23, 2004, until paid. That interest award only relates back to the attachment liens to the extent that the judgment is based on contract claims. As noted

-7-

above, the contract-based damages claimed by Nicklos Ciolino are $120,000.00 plus pre-judgment interest. For all other Ciolino Parties the contract-based damages are equal to the total compensatory award plus pre-judgment interest thereon (i.e., not the punitive award or interest thereon).

(G) <u>Final calculations</u>. The court calculates the dollar amounts of the Ciolino Plaintiffs' judgment liens that relate back to their attachment liens as follows:

| Ciolino Party | Damages that relate back to attachment (12/31/03 Gen. Verdict, or $120,000 for Niklos Ciolino) | Pre-Judgment Interest (from above table) | Total as of 1/23/04* |
|---|---|---|---|
| Nicklos Ciolino | $ 120,000.00 | $ 17,287.67 | $ 137,287.67 |
| Charles Ciolino | $ 138,000.00 | $ 17,287.67 | $ 155,287.67 |
| Stephen Daniele | $ 130,000.00 | $ 17,287.67 | $ 147,287.67 |
| Robert Aguilar | $ 55,000.00 | $ 8,643.84 | $ 63,643.84 |
| Daniel Delorenzi | $ 120,000.00 | $ 17,287.67 | $ 137,287.67 |
| | $ 563,000.00 | $ 77,794.52 | $ 640,794.52 |

* Plus post-judgment interest at 10% per annum.

(H) <u>Judgment</u>. To the extent of the above dollar amounts, plus post-judgment interest at 10% per annum, the Ciolino Parties' judgment liens against the Property in the State Court Actions arise from their breach of contract claims, relate back to their attachment liens, and therefore are prior in time and have priority over all of the cross-claimants' asserted liens as a matter of law. A separate order and judgment will be entered denying Chazen's motion and in favor of the Ciolino Parties concurrent with this Memorandum Decision.

* END OF MEMORANDUM DECISION *

COURT SERVICE LIST

| | |
|---|---|
| Thomas F. Koegel, Esq.<br>Folger Levin & Kahn LLP<br>275 Battery St., 23rd Fl.<br>San Francisco, CA 94111 | **for Trustee** |
| T. Michael Turner, Esq.<br>236 West Portal Ave., #53<br>San Francisco, CA 94127 | **for Debtors** |
| Michael D. Liberty, Esq.<br>Law Office of Michael D. Liberty<br>1290 Howard Ave., Ste. 303<br>Burlingame, CA 94010 | **for Ciolino Parties** |
| Iain A. Macdonald, Esq.<br>Macdonald & Associates<br>Two Embarcadero Center, Ste. 1670<br>San Francisco, CA 94111 | **for Chazen** |
| Michele L. McGill, Esq.<br>Law Offices of Michele L. McGill<br>220 Sansome St., 6th Fl.<br>San Francisco, CA 94104 | **for Chazen** |
| Laurie J. Helper, Esq.<br>Carroll, Burdick & McDonough, LLP<br>44 Montgomery St., Suite 400<br>San Francisco, CA 94104 | **for Chazen** |
| Desmond B. Tuck, Esq.<br>Law Offices of Desmond B. Tuck<br>177 Bovet Rd., Ste. 600<br>San Mateo, CA 94402 | **for Stewart** |
| Patrick M. Macias, Esq.<br>Ragghianti Freitas LLP<br>874 4th St., Ste. D<br>San Rafael, CA 94901 | **for Ryan/Cavallini** |
| Michael Mazzocone, Esq.<br>Law Offices of Michael A. Mazzocone<br>400 Montgomery St., Ste. 200<br>San Francisco, CA 94104 | **for Judy** |
| James F. Beiden, Esq.<br>840 Hinckley Rd., Ste. 245<br>Burlingame, CA 94010 | |
| Herbert Rowland, Esq.<br>Ragghianti Freitas LLP<br>874 Fourth St., Ste. D<br>San Rafael, CA 94901 | |

-9-